STATE OF NORTH CAROLINA     FILED    IN THE GENERAL COURT OF JUSTICE
                                                    SUPERIOR COURT DIVISION
ALAMANCE COUNTY                                     23 CVS 900

2023 MAY -8 A 11: 16

PHILIP ALAN SMITH,

ALAMANCE CO., C.S.C.

        Plaintiff,    BY_____

v.                                         **COMPLAINT**
                                        (Jury Trial Demanded)

SAFELITE SOLUTIONS, LLC and
SAFELITE GROUP, INC.,

        Defendants.

       NOW COMES the Plaintiff, by and through counsel, and complaining of the Defendants, and allege and says as follows:

    1. That Plaintiff, Philip Alan Smith, is a citizen and resident of Ennice, Alleghany County, North Carolina.

    2. Upon information and belief, Defendant Safelite Solutions, LLC, is or at the time of the incident complained of was, a foreign corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio and was authorized to do and doing business in Alamance County, North Carolina.

    3. Upon information and belief, Defendant Safelite Group, Inc., is or at the time of the incident complained of was, a foreign corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio and was authorized to do and doing business in Alamance County, North Carolina.

    4. Upon information and belief, the Defendants at all times relevant herein, hired, employed and/or contracted with agents and/or employees acting under their authority and other personnel who rendered maintenance and other services to the Safelite Group Store located 1424 N. Church St., Alamance County, North Carolina.

    5. At all times herein, the Defendants were the owner and/or lessee and was in exclusive control of the premises including the cleaning and maintenance of the garage and surrounding areas.

6. At all times herein, the Defendants alternatively and conjunctively owned, operated, controlled and is responsible for the inspection, maintenance, management and supervision of the premises.

7. On April 27, 2021, the Plaintiff was an invitee of Defendants' premises located in Burlington, Alamance County, North Carolina.

8. At the time and place set out above, the Plaintiff entered the premises of Defendants' store and upon entry into the warehouse, the Plaintiff slipped on the greasy floor.

9. The premises where Plaintiff slipped and fell distributes and installs windshields for automobiles.

10. The premises where Plaintiff's injuries occurred does not in its normal course of business host grilling events.

11. Plaintiff was unaware and had no way of knowing that Defendants and its employees and/or agents were grilling on the premises.

12. The grease which Plaintiff slipped and fell from was due to the grilling on the premises conducted by Defendants and its employees and/or agents.

13. Defendants were under a duty to maintain the premises and surrounding area and as a result of their failure to maintain the area properly, they created an unsafe and hazardous area with the conditions not readily apparent or obvious to their invitee, including the Plaintiff.

14. While the said dangerous condition was not apparent to the Plaintiff, Defendants, by and through its agents and employees, had actual or constructive notice of dangerous condition which existed inside of the premises prior to Plaintiff entering the premises and was aware that invitees did not know of the existence of the said dangerous condition; and Defendants took no steps to either warn its invitees of the hazard or to make the conditions safe for its' invitees.

15. While the said dangerous condition was not apparent to the Plaintiff, Defendants had actual knowledge of the dangerous condition because due to the Defendants' and its employees' and/or agents' actions and/or omissions created the latent danger.

16. Defendants knew or should have known of the dangerous condition and could have obtained such knowledge by conducting a reasonable inspection of the premises.

17. Defendants were responsible at all times, complained of herein for the inspection, maintenance, management, and supervision of the premises.

18. As a direct and proximate result of Plaintiff's injuries, the Plaintiff fell, injured his left knee, neck, shoulders, both hands and fingers, and has incurred medical bills, lost wages, permanent injuries and pain and suffering which is continuing in nature.

19. All of the Plaintiff's aforesaid injuries and damages were directly and proximately caused by the careless and negligent conduct of the Defendants, acting through its agents and employees all of whose names are unknown to the Plaintiff but whose names are well known to the Defendants, and the said agents and employees were acting within the course and scope of their agency or employment, and the negligence of the Defendants and its agents and employees consisted of the following acts and omissions:

   a. Failed to warn the plaintiff and other invitees that the dangerous condition existed;

   b. Failed to maintain the premises in a reasonably safe condition for the plaintiff who was using the premises in a reasonable and ordinary manner;

   c. Failed to make any effort remove the said dangerous condition, being aware that the Plaintiff and other invitees of Defendant would enter the garage;

   d. Failed to make reasonable inspection of Defendant's premises, which inspection would have revealed the dangerous condition, and would have allowed the said agents and employees to remove the said dangerous condition;

   e. Failed to properly inspect their property for hazards;

   f. Failed to remove such hazards or provide some sort of warning of the hazards;

   g. Failed to develop or enforce proper methods to see that floors were safe for public use; and

   h. Were negligent in other ways to be proven at trial.

20. Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages.

21. That as a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff has sustained bodily injuries and damages in an amount greater than Twenty Five Thousand and 00/100 Dollars ($25,000.00) to be determined at the trial of this matter.

**WHEREFORE**, Plaintiff respectfully prays the Court for judgment against Defendants, jointly as follows:

1. That Plaintiff have and recover of the Defendants an amount in excess of Twenty Five Thousand and no/100 Dollars ($25,000.00) to be determined at the trial of this matter for Plaintiff's personal injuries and damages for medical expenses, pain and suffering, discomfort, permanent injury and such other compensable matters as may be proven at trial;

2. That the costs of this action be taxed against one or more of the Defendants, including attorney's fees pursuant to N.C.G.S. § 6-21.1;

3. That Plaintiff's recoveries bear prejudgment interest at the highest rate allowed by law;

4. For such other and further relief as the Court may deem just and proper; and

5. That a jury trial be granted.

This the 4th day of May, 2023.

Joseph S. Scibelli
NC State Bar No.: 58599
*Attorney for Plaintiff*
CR Legal Team, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: (336) 333-9899
Facsimile: (336) 333-9894
Email: JVScibelli@crlegalteam.com

Page | 4

Case 1:23-cv-00476-WO-LPA   Document 4   Filed 06/15/23   Page 4 of 4